Filed 7/19/22 P. v. Sandoval CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANGEL SANDOVAL,<br><br>    Defendant and Appellant. | H048929<br>(Santa Clara County<br>Super. Ct. No. CC651901) |

## I.    INTRODUCTION

Defendant Miguel Angel Sandoval appeals from the denial of his Penal Code section 1172.6[1] resentencing petition after an evidentiary hearing.[2]  As relevant here, section 1172.6 allows individuals convicted of murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime to petition the superior court to vacate the conviction under recent changes to the law that limited the scope of murder liability. (See § 1172.6, subd. (a).)  A jury convicted defendant of second degree murder (§ 187) in 2009, and found true the allegations that defendant committed the offense for the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant filed the petition in 2019 pursuant to section 1170.95.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion.

benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and that a principal personally used a firearm (§ 12022.53, subds. (d), (e)(1)). The court sentenced defendant to 40 years to life.

Defendant contends that the superior court committed structural error when it denied the petition because it applied the wrong standard of proof and requests that the matter be remanded to the superior court for reconsideration. Defendant further contends that the denial order must be reversed because his acquittal of first degree murder collaterally estopped the superior court from finding that he acted with express malice and because accomplice liability for second degree implied malice murder is no longer a valid theory of liability. The Attorney General concedes that the superior court applied the wrong standard of proof in denying the petition, but argues that the error was harmless under *Watson*.[3] The Attorney General contends that defendant's acquittal of first degree murder did not collaterally estop the sentencing court from finding that defendant acted with express malice and that direct aiding and abetting of second degree implied malice murder is still a valid theory of liability.

We asked the parties to brief whether the superior court erred when it relied on this court's decision in defendant's direct appeal and the district court's decision in defendant's federal habeas case to deny the petition, and whether the combined effect of the standard of proof error and the evidentiary error was prejudicial under *Watson*.

For reasons that we will explain, we will reverse the order denying defendant's petition for resentencing and remand the matter to the superior court for reconsideration of the petition pursuant to Penal Code section 1172.6, subdivision (d)(3).[4]

---

[3] *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*).

[4] We observe that the evidentiary hearing was conducted before the effective date of the Legislature's amendment of the resentencing provision, which clarified the standard of proof and "addresse[d] what evidence a court may consider at a resentencing hearing." (Stats. 2021, ch. 551, § 1, subd. (d).)

2

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual Background*

Robert Ojeda was shot and killed in a shopping center parking lot in San Jose in December 2006.  Defendant and Roberto Herrera had approached Ojeda in the parking lot.  Herrera asked Ojeda where he was from and shot him.  Defendant and Herrera quickly walked away from Ojeda and got into defendant's car.

Defendant and Herrera were members of different Sureño subsets.  Ojeda was a Norteño member and the shopping center was in Norteño territory.  Defendant's neighbor testified that he overheard defendant talking to someone about going buster hunting, saying they were "going to kick some buster's ass."

Video surveillance footage showed that defendant and Herrera spent approximately 10 minutes walking around the parking lot together before the crime occurred, but did not go into any stores.  The footage showed defendant and Herrera spot Ojeda's vehicle, look at each other, and move toward the car.

### B. *Procedural Background*

#### 1.  Trial Proceedings, Direct Appeal, and Federal Habeas Case

Defendant was charged with murder (§ 187).  It was further alleged that defendant committed the offense for the benefit of criminal street gang (§ 186.22, subd. (b)(1)(C)) and that a principal personally used a firearm (§ 12202.53, subds. (d), (e)(1)).  A jury convicted defendant of second degree murder and found the enhancements true.  The court sentenced defendant to 40 years to life in prison.

This court affirmed the judgment on direct appeal in case No. H034186, rejecting defendant's claim, among others, that there was insufficient evidence to sustain the murder conviction.[5]  This court determined that substantial evidence supported

---

[5] Defendant requests that we take judicial notice of the record in case No. H034186.  We hereby grant defendant's request for judicial notice. (See Evid. Code, § 452, subd. (d).)

defendant's conviction of murder as a direct aider and abettor. Defendant petitioned the California Supreme Court for review, which was denied.

Defendant filed a petition for writ of habeas corpus in federal district court, challenging the sufficiency of the evidence to support his murder conviction, among other claims. The court found that this court's "determination that the jury could find sufficient evidence of guilt based on the evidence presented was not objectively unreasonable," and denied the habeas petition.

## 2. Section 1172.6 Proceedings

Defendant filed a section 1172.6 petition for resentencing in 2019. After appointing defendant counsel and receiving written briefing from the parties, the superior court issued an order to show cause and held an evidentiary hearing.

In briefing filed before the hearing, the prosecution contended that section 1172.6 allowed it to rely on the record of conviction, including "court of appeal opinions . . . and the like," and that it had to prove that "after the changes to . . . sections 188 and 189, there is sufficient evidence from which a jury *could* find defendant guilty of murder beyond a reasonable doubt." The prosecution asserted that even if it had to prove that defendant is guilty of murder under current law, defendant was ineligible for section 1172.6 relief.

Defendant contended that "the procedural rights which attend any trial apply [at the evidentiary hearing], including the rules of evidence[] [and] constitutional protections," and that to demonstrate his ineligibility for relief, the prosecution had to prove the elements of murder beyond a reasonable doubt.

At the hearing, the prosecution relied on the record of conviction, moving into evidence the trial testimony and the clerk's transcript. Defendant testified on his own behalf. In short, defendant stated that he did not agree to help Herrera kill anyone and did not know that Herrera was going to kill anyone. Defendant testified that he did not know Herrera; the date of the incident was only the second time he met him. Defendant

4

stated that he was initially five or six steps behind Herrera when Herrera contacted Ojeda, but that he caught up to Herrera and Ojeda while they were talking. Defendant stated that he did not see the shooting and was in shock afterwards.

The superior court denied the petition by written ruling. The court stated that the prosecution "must show that [defendant] could be convicted of first or second degree murder even with the changes to [s]ections 188 and 189," and followed an appellate decision finding that the proof standard at a section 1172.6 hearing was " 'essentially identical to the standard of substantial evidence, in which the reviewing court asks " 'whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' "

The superior court proceeded to quote this court's decision in the direct appeal and the district court's decision in the federal habeas case at length. The court stated, "Even after consideration of the testimony and additional case law presented by [defendant] and [the prosecution] at the hearing, the [c]ourt finds the appellate decision . . . supports [the prosecution's] position" that defendant could be guilty of murder as an aider and abettor. The court further found, "The [f]ederal [c]ourt's opinion from [the] habeas case also supports [the prosecution's] position here." The court did not find credible defendant's testimony that he did not know the shooter well, encourage or assist the shooter, or see the shooting. The court determined, "As described above, there is overwhelming evidence from the facts in this case that are established as part of the record of conviction to support the conclusion that [defendant] could still be convicted of murder as he intended to aid and abet [the shooter] and his intentional actions could show either express or implied malice." The court concluded that the prosecution had proved defendant's ineligibility for section 1172.6 relief beyond a reasonable doubt and denied the petition.

### III. DISCUSSION

#### A. *Statutory Framework*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) "amend[ed] the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

The bill amended section 188 by adding subdivision (a)(3), which provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2; § 188, subd. (a)(3).) And section 189, subdivision (e) was amended to limit liability for murder to a person who was either the actual killer or, though not the actual killer, acted "with intent to kill" and "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer" in the commission of first degree murder, or was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3; § 189, subd. (e).)

In addition to the amendments to sections 188 and 189, Senate Bill 1437 added section 1170.95, now renumbered as 1172.6. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) As relevant here, section 1172.6 allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to petition the superior court to vacate the murder conviction and be resentenced on any remaining counts. (§ 1172.6, subd. (a).) All of the following conditions must apply to warrant section 1172.6 relief: "(1) A complaint, information, or indictment was

filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; "(2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder"; and "(3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

If the petitioner has stated a prima facie showing of entitlement to relief, the court issues an order to show cause. (§ 1172.6, subd. (c).) The court "hold[s] a hearing to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).)

The Legislature subsequently passed Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775), which "[r]eaffirms that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt." (Stats. 2021, ch. 551, § 1, subd. (c).) Effective January 1, 2022, Senate Bill 775 amended the law to state: "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. . . . A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (Stats. 2021, ch. 551, § 2; see § 1172.6, subd. (d)(3).)

Senate Bill 775 also "addresse[d] what evidence a court may consider at a resentencing hearing." (Stats. 2021, ch. 551, § 1, subd. (d).) Senate Bill 775 amended

7

the law to provide: "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (Stats. 2021, ch. 551, § 2; see § 1172.6, subd. (d)(3).)

## B. *Standard of Proof Error*

Defendant contends that the superior court employed the wrong standard of proof to deny the section 1172.6 petition. Defendant asserts that the court improperly determined that he *could be* convicted of second degree murder under current law, which was akin to the substantial evidence standard, rather than deciding whether he was guilty of murder under current law beyond a reasonable doubt. Defendant argues that the error was structural, requiring automatic reversal of the denial order. The Attorney General concedes that the superior court applied the wrong proof standard, but argues that the error was harmless under *Watson* because it is not reasonably probable that defendant would have obtained a more favorable result had the court applied the correct standard.

### 1. The Superior Court's Statements Regarding the Standard of Proof

The superior court made several statements regarding the standard of proof in its denial order.[6] First, it stated that the prosecution "must show that [defendant] could be

---

[6] When the superior court issued its ruling, courts were split regarding the correct standard of proof at a section 1172.6 evidentiary hearing. Several Courts of Appeal, including this court, held that it was the prosecution's burden to establish the petitioner's ineligibility for relief by proving beyond a reasonable doubt each element of first or second degree murder under current law. However, at least one court held that the prosecution must prove beyond a reasonable doubt that a reasonable jury could find defendant guilty of murder under current law—which the court characterized as nearly identical to the substantial evidence standard. (See *People v. Harris* (2021) 60 Cal.App.5th 939, 952-953 [detailing the split], review granted Apr. 28, 2021, S267802.)

convicted of first or second degree murder even with the changes to [s]ections 188 and 189." The court also followed an appellate decision finding that the proof standard at a section 1172.6 hearing was " 'essentially identical to the standard of substantial evidence, in which the reviewing court asks " 'whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' " Later in its ruling, the court stated that the prosecution's burden "is to show that after the changes to sections 188 and 189, there is sufficient evidence from which a jury *could* find defendant guilty of murder beyond a reasonable doubt. . . . Therefore, if the record of conviction reveals that [defendant] could have been convicted of malice murder whether express or implied, then he is ineligible for relief."

The superior court ultimately determined that "there is overwhelming evidence . . . to support the conclusion that [defendant] could still be convicted of murder as he intended to aid and abet [the shooter] and his intentional actions could show either express or implied malice. All of the elements of second degree murder could still be proven beyond a reasonable doubt under the new law." Thus, the court found that the prosecution had "proven beyond a reasonable doubt that [defendant] is ineligible for resentencing."

### 2. Analysis

We concur with the parties that the superior court applied the wrong standard of proof when it denied the resentencing petition. The court's repeated statements that the prosecution had to demonstrate that defendant could be convicted of murder under current law, its comparison of the proof standard to a substantial evidence standard, and its determination that "there is overwhelming evidence . . . to support the conclusion that [defendant] could still be convicted of murder," establish that the court did not find beyond a reasonable doubt that defendant *is* guilty of murder under current law, as required. (See § 1172.6, subd. (d)(3).)

9

Defendant contends that the error was structural and requires automatic reversal of the denial order as "the point of a hearing under section 117[2].[6](d)(3) is to permit a factual acquittal of a defendant who, in retrospect, should not have been convicted of murder in the first place because of his attenuated culpability, and given that the reasonable doubt standard is central to protecting the innocent." The Attorney General contends that we should assess prejudice under *Watson* because " 'state standards alone have been violated,' " as the right to resentencing under section 1172.6 was "created entirely by state law."

" 'When the error is one of state law only, it generally does not warrant reversal unless there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached. ([*Watson*, *supra*,] 46 Cal.2d [at p.] 835.)' [Citation.]" (*In re Christopher L.* (2022) 12 Cal.5th 1063, 1073 (*Christopher L.*).) However, state law error can rise to the level of structural error necessitating automatic reversal when the error rendered the proceeding " 'unfair in a fundamental sense,' " resulting in a miscarriage of justice. (*Id.* at p. 1075.) " '[C]ertain errors, by their nature, result in a "miscarriage of justice" ' " under the California Constitution. (*Id.* at p. 1073.)

For example, in *People v. Blackburn* (2015) 61 Cal.4th 1113, 1136, the California Supreme Court held that the trial court's acceptance of an invalid waiver in a mentally disordered offender proceeding deprived the defendant of his right to a jury trial and amounted to structural error. The court stated that the error "denie[d] the defendant 'the basic procedure by which' the validity of his or her commitment 'should have been determined' under a statutory scheme whose protections are borrowed directly from the criminal context." (*Ibid.*) Structural error can also occur when a prejudice inquiry would be too speculative. (*Christopher L.*, *supra*, 12 Cal.5th at p. 1077.)

We need not decide whether the failure to apply the beyond a reasonable doubt standard at the section 1172.6 hearing amounted to structural error, however. As we

explain below, the superior court also erred by relying on this court's decision in the direct appeal and the decision in defendant's federal habeas case to deny the petition, resulting in cumulative prejudice. (See *post* at pp. 13-14.)

### C. *Evidentiary Error*

Defendant contends in supplemental briefing that the superior court erred when it relied on this court's decision in the direct appeal and the district court's decision in the federal habeas case to deny the section 1172.6 petition. The Attorney General concedes the error, but contends that it was harmless under *Watson*.

### 1. The Superior Court's Statements Regarding the Prior Decisions

In its denial order, the superior court quoted this court's decision in the direct appeal and the district court's decision in the federal habeas case at length.

The superior court quoted this court's summary of the trial evidence in support of " 'the theory that defendant aided and abetted Herrera in the commission of the crime.' " The superior court stated that "[e]ven after consideration of the testimony and additional case law presented by [defendant] and [the prosecution] at the [section 1172.6] hearing, the [c]ourt finds the appellate decision . . . supports [the prosecution's] position" that defendant was a direct aider and abettor in the murder.

The superior court next quoted the district court's summary of the trial evidence in support of an aider and abettor theory and found that the district court's decision "also supports the [prosecution's] position here." The court observed that the district court "[r]eject[ed] the same sufficiency of the evidence claim" that was raised on direct appeal because " '[i]t was sufficient for a reasonable jury to have found that [defendant] had the knowledge and intent to aid and abet Herrera in the shooting.' "

The superior court determined, "As described above, there is overwhelming evidence from the facts in this case that are established as part of the record of conviction to support the conclusion that [defendant] could still be convicted of murder as he intended to aid and abet . . . Herrera and his intentional actions could show either express

11

or implied malice." The superior court concluded, "After consideration of the evidence, the briefing and arguments of counsel, along with the record in this case, the [c]ourt finds that [the prosecution] has proven beyond a reasonable doubt that [defendant] is ineligible for resentencing under section 117[2].[6], subdivision (d)(3)." (Footnote omitted.)

### 2. Analysis

We concur with the parties that the superior court erred when it relied on this court's decision in the direct appeal and the district court's decision in the federal habeas case to deny the section 1172.6 petition.

As we stated above, section 1172.6, subdivision (d)(3) provides that in addition to the parties' evidence, including "evidence previously admitted at any prior hearing or trial that is admissible under current law," the superior court "may also consider the procedural history of the case recited in any prior appellate opinion." The statute's "specificity indicates the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a section 117[2].[6] petition reaches the stage of a full-fledged evidentiary hearing." (*People v. Clements* (2022) 75 Cal.App.5th 276, 292; see also *People v. Flores* (2022) 76 Cal.App.5th 974, 988; *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9.)

Here, the superior court relied extensively on this court's decision in the direct appeal and the district court's decision in the federal habeas case to deny the petition. It quoted both decisions at length and seemingly adopted their evidentiary findings as its own. The court then stated that "[a]s described above"—apparently referencing the factual summaries in the prior decisions—"there is overwhelming evidence from the facts in this case that are established as part of the record of conviction to support the conclusion that [defendant] could still be convicted of murder as he intended to aid and abet . . . Herrera and his intentional actions could show either express or implied malice." The superior court also found that both decisions supported the prosecution's position

12

that defendant was ineligible for section 1172.6 relief because he was a direct aider and abettor of Ojeda's murder.

The Attorney General asserts that the evidentiary error was harmless under *Watson*. As with the standard of proof error, however, we need not assess the prejudice from the evidentiary error alone because the combined effect of the errors resulted in cumulative prejudice. (See *post* at pp. 13-14.)

### D. *Cumulative Prejudice*

Defendant contends that even if there was no structural error, the combined prejudice from the standard of proof error and the evidentiary error requires reversal. The Attorney General contends that there is no cumulative prejudicial error because "[t]he [trial] evidence proved beyond a reasonable doubt that [defendant] is guilty of second degree murder" under current law.

Assuming that the superior court's failure to apply the correct standard of proof at the section 1172.6 hearing was not structural error, we conclude that the denial order must be reversed because it is reasonably probable that defendant would have obtained a more favorable result absent the standard of proof and evidentiary errors. (See *Watson*, *supra*, 46 Cal.2d at p. 836.)

"Cumulative error is present when the combined effect of the [superior] court's errors is prejudicial or harmful to the defendant." (*People v. Capers* (2019) 7 Cal.5th 989, 1017.) Here, the superior court evaluated not whether defendant was guilty of murder beyond a reasonable doubt under current law, as required, but whether defendant currently could be convicted of murder—a proof standard that it equated to substantial evidence. And in reaching its decision, the superior court relied heavily on this court's analysis in the direct appeal of whether substantial evidence supported the murder conviction and the district court's analysis of the same issue on habeas. While the Attorney General argues that based on the strength of the trial evidence that was admitted at the hearing and the superior court considered, the standard of proof error and the

13

evidentiary error were harmless alone or combined, we conclude that the errors combined prejudiced defendant, especially given that the errors were analytically related as the court applied a proof standard akin to substantial evidence and relied on this court's and the district court's analyses of substantial evidence to deny the petition. In sum, if the superior court had applied the proper standard of proof and had not relied on the prior decisions, it is reasonably probable that a result more favorable to defendant would have been reached. (See *Watson*, *supra*, 46 Cal.2d at p. 836; *People v. Hill* (1998) 17 Cal.4th 800, 846-847 [concluding that the prejudice arising from the combination of the prosecutorial and trial court errors required reversal].)[7]

Accordingly, we will remand the matter to the superior court, in light of the evidence elicited at the evidentiary hearing, to reconsider the petition pursuant to section 1172.6, subdivision (d)(3).

## IV.   DISPOSITION

The February 16, 2021 order denying defendant's Penal Code section 1172.6 petition for resentencing is reversed. The matter is remanded to the superior court, in light of the evidence elicited at the evidentiary hearing, for reconsideration of the petition pursuant to Penal Code section 1172.6, subdivision (d)(3).[8] We express no opinion on whether defendant's Penal Code section 1172.6 petition should be granted or denied.

---

[7] Because we conclude that defendant was prejudiced by the standard of proof error and the evidentiary error, we do not reach defendant's claims that his acquittal of first degree murder collaterally estopped the superior court from finding that he acted with express malice and that accomplice liability for second degree implied malice murder is no longer a valid theory of liability.

[8] "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. (continued)

14

The court may also consider the procedural history of the case recited in any prior appellate opinion.  However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule.  The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens.  A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.  If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (Pen. Code, § 1172.6, subd. (d)(3).)

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:


_____
DANNER, J.


_____
LIE, J.


*People v. Sandoval*
H048929